121 Cal.Rptr.2d 820 (2002)
99 Cal.App.4th 1259
In re SAMUEL P. et al., Persons Coming Under the Juvenile Court Law.
Santa Clara County Department of Family and Children's Services, Plaintiff and Respondent,
v.
Angela M., Defendant and Appellant.
No. H023361.
Court of Appeal, Sixth District.
July 2, 2002.
*822 Stephanie M. Davis, under appointment by the Court of Appeal, Marina Del Rey, for Appellant.
Ann Miller Ravel, County Counsel, Teri L. Robinson, Deputy County Counsel, Office of County Counsel, Child Dependency Unit, for Respondent Santa Clara County, Department of Family and Children's Services.
*821 BAMATTRE-MANOUKIAN, Acting P.J.
The mother of three minor children appeals from dispositional orders removing the children from her care and custody. She claims the juvenile court committed reversible error by failing to ensure that notice requirements under the Indian Child Welfare Act (ICWA) were met, and that the court committed further error by failing to apply ICWA standards to the proceedings. She contends she did not waive her right to raise these claims on appeal by failing to assert them at the dispositional hearing.
We find that the Department of Family and Children's Services (the Department) did not comply with the notice requirements of the ICWA. We therefore reverse the dispositional order and remand this matter so that the relevant tribe can be properly noticed of the proceedings. If it is determined that the children are Indian children within the meaning of the ICWA, the court must hold a further dispositional hearing applying the requirements of the ICWA. Otherwise, the court's dispositional orders are to be reinstated.

*823 STATEMENT OF THE CASE
On October 11, 2000, the Department filed petitions under Welfare and Institutions Code section 300, subdivision (b)[1] [failure to protect], as to the mother's three minor children: Samuel P., Noel P. and Angel M. The children were five years old, two years, ten months old, and seven months old respectively. The petitions alleged that the children were placed in protective custody when the mother was arrested for being under the influence of a controlled substance, that drugs were found in the home behind one of the children's beds, that the mother had a history of associating with known drug users, that she was a victim of domestic violence, and that the father of two of the three children had a criminal history, including drug-related offenses and infliction of corporal injury on a spouse.
All three children were detained on October 12, 2000. The detention report stated that the "mothers [sic ] primary ethnicity in prior referral is said to be American Indian." However the boxes on the section 300 petitions indicating that the children might be of Indian ancestry or eligible for membership in an Indian tribe were not checked.
On October 17, 2000, the Department sent a "Request for Confirmation of Child's Status as Indian" to the Santa Ynez Band of Mission Indians, to 17 other tribes and to the Bureau of Indian Affairs. This request pertained only to the child Angel M. It indicated that the child's maternal great grandfather, Simon M, was enrolled in the Chumash Tribe of Santa Ynez and that the child's great great grandfather, Joe M, was born on the Santa Ynez reservation. Simon M. had received legal services from the Bureau of Indian Affairs and medical care from an Indian health clinic through 1994. And an aunt of the child's, Elizabeth M, was a tribal council member and had attended an Indian school.
The social worker's report for the jurisdictional and dispositional hearing dated November 1, 2000, contained a section entitled "INDIAN CHILD WELFARE ACT STATUS." It stated that "The Indian Child Welfare Act does or may apply" and it identified the children's tribe as Chumash and their ICWA eligibility status as "Unknown." It noted that the mother had stated her relatives had been enrolled with the Chumash Tribe of Santa Ynez. The social worker reported that she had "sent a request for confirmation of the children as Indian Children to the Santa Ynez Band of Mission Indians." The Department recommended that the court find that the allegations of the petitions were true and adjudge the children dependents of the court, but that the mother retain custody, subject to supervision by the Department.
In subsequent amendments prior to the hearing in this matter, the social worker reported that the mother was cooperative, was actively participating in services and was very bonded to the children. Visits with the children went well. The mother had the support of her mother, who lived next door. Neither the mother nor the grandmother had any criminal record and the mother was consistently producing negative drug tests. The social worker again recommended that the children be returned to the mother with family maintenance services.
The jurisdiction/disposition hearing was held on January 12, 2001, at which time the court found the allegations of the petitions to be true and took jurisdiction over the children. The district attorney representing the children opposed the Department's *824 recommendation for family maintenance. Disposition was continued pending receipt of further reports and evaluations of the two older children. The court's orders made no mention of the children's possible Indian status or of the notice requirements under the ICWA.
A contested disposition hearing was held over five days in May and June of 2001. There was testimony regarding the older two children's developmental problems and there was conflicting testimony regarding the mother's efforts to cope with a syndrome of domestic violence in her relationships, and her ability to protect the children. The Department continued to recommend return of the children to their mother, with family maintenance services. The district attorney's office took the position that although the mother had made progress in dealing with issues of domestic violence, she was not yet able to provide a safe environment for her children. At the conclusion of the hearing on June 4, 2001, the court stated it wanted the children to eventually be returned permanently to the mother when it was clear that they would be safe. In the meantime, the court ordered out-of-home placement of all three children with the grandmother, Donna M., and liberal visitation with the mother. Again, there was no mention made of the children's possible tribal affiliation or the application of the requirements of the ICWA. A transition plan was developed and approved by the court on June 13, 2001, whereby the children would be gradually moved from foster care to placement with the maternal grandmother, with regular home supervision. An interim review on June 30, 2001, indicated that the transition to placement with the grandmother was successful and that visits with the mother had been increased.
On July 30, 2001, the mother appealed from the disposition orders.

ISSUES
The mother argues that notice was improper under the ICWA and that the court erred in not applying the requirements of the ICWA at the disposition hearing. She contends that even though she did not raise this issue at the disposition hearing, or in her notice of appeal, it is not waived.

Notice Under the ICWA
Under the ICWA, where a State court "knows or has reason to know" that an Indian child is involved, statutorily prescribed notice must be given to any tribe with which the child has, or is eligible to have, an affiliation. (25 U.S.C. § 1912(a).) The court and the social services agency have "an affirmative duty to inquire whether a child for whom a petition under section 300 is to be, or has been filed is or may be an Indian child." (Cal. Rules of Court, rule 1439(d).) "In an involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912(a).) The federal statute and the cases applying it require that there be actual notice to the tribe both as to the proceedings and as to the right to intervene. (In re Kahlen W. (1991) 233 Cal.App.3d 1414, 1422, 285 Cal. Rptr. 507.) This serves two purposes: "(1) It enables the tribe to investigate and determine whether the minor is an Indian child; and (2) it advises the tribe of the pending proceedings and its right to intervene or assume tribal jurisdiction." (In re Desiree F. (2000) 83 Cal.App.4th 460, 470, 99 Cal.Rptr.2d 688.)
*825 California Rules of Court, rule 1439, which implements the notice provisions of the ICWA in California courts, provides that after a petition has been filed in a section 300 proceeding, if the court knows or has reason to know that the child is or may be an Indian child, the child's tribe "must be notified of the pending petition and the right of the tribe to intervene in the proceedings." (Cal. Rules of Court, rule 1439(f).) "Notice shall be sent whenever there is reason to believe the child may be an Indian child, and for every hearing thereafter unless and until it is determined that the child is not an Indian child." (Cal. Rules of Court, rule 1439(f)(5).) The circumstances that may provide probable cause for a court to believe that the child is an Indian child include a party providing information to the social services agency "suggesting that the child is an Indian child." (Cal. Rules of Court, rule 1439(d)(2)(A).) In such a case, "the court shall proceed ... with all dependency hearings, observing the Welfare and Institutions Code timelines while complying with [the ICWA]...." (Cal. Rules of Court, rule 1439(e).) If the information in the record shows there may be Indian ancestry, even though the child may not be an Indian child within the meaning of the ICWA, the court is required only to send notice of the proceedings to the identified tribe or tribes or to the Bureau of Indian Affairs (BIA), and to make further inquiry regarding the possible Indian status of the child. (Cal. Rules of Court, rule 1439(e).)
"Notice is a key component of the congressional goal to protect and preserve Indian tribes and Indian families. Notice ensures the tribe will be afforded the opportunity to assert its rights under the Act irrespective of the position of the parents, Indian custodian or state agencies." (In re Kahlen W., supra, 233 Cal.App.3d 1414, 1421, 285 Cal.Rptr. 507.) The failure to comply with the notice requirements of the ICWA constitutes prejudicial error unless the tribe has participated in or indicated no interest in the proceedings. (Id. at p. 1422, 285 Cal.Rptr. 507; In re Jonathan D. (2001) 92 Cal.App.4th 105, 111, 111 Cal. Rptr.2d 628.)
Here the record shows that the notice requirements of the ICWA were not complied with in several respects. First, although the Department sent a request for confirmation of the child Angel's status to the pertinent tribe after learning of the mother's family's possible affiliation, there was no information about the dependency proceedings, no court number identifying the proceedings, and no notice informing the tribe of the dates of any of the hearings. Consequently the tribe was neither notified of, nor given the opportunity to exercise, its light to intervene in the pending proceedings. (25 U.S.C. § 1912; In re Desiree F., supra, 83 Cal.App.4th at p. 470, 99 Cal.Rptr.2d 688.) A tribe's mere "`awareness'" of a dependency proceeding involving a possible Indian child is not considered sufficient notice under the ICWA. (In re Kahlen W., supra, 233 Cal. App.3d at p. 1422, 285 Cal.Rptr. 507.) Furthermore, no notice was sent here, as far as the record before us shows, regarding the children Samuel P. and Noel P. Also, although the social worker's report for the jurisdictional hearing stated that the Department had sent a request for confirmation of the children's status to the tribe, the juvenile court was not provided with copies of the notices sent or the return receipts received. (In re Marinna J. (2001) 90 Cal.App.4th 731, 738, fn. 4, 109 Cal.Rptr.2d 267.) On appeal to this court, the Department requested that we take judicial notice of a copy of the notice sent and the return receipts received, and we granted the request. Since these documents were not provided to the juvenile *826 court, the court did not have a sufficient record from which to make a determination whether there had been compliance with the notice provisions of the ICWA, or whether further inquiry was needed.
The court is required to make an inquiry into the children's Indian status. (Cal. Rules of Court, rule 1439(d).) Here the Department did not check the boxes on the petitions indicating that the children might be Indian children or might have Indian ancestry. Even though there was information in the record to support "probable cause for the court to believe" that the children were affiliated with the Chumash tribe, the record does not show any inquiry by the juvenile court in this case or any finding as to whether the children were or were not Indian children. (Cal. Rules of Court, rules 1439(d)(2)(A), 1439(e).) The children's great great grandfather was born on the reservation. Their great grandfather was receiving BIA services as recently as 1994. An aunt attended an Indian school and was a tribal council member. The family provided the names of these relatives and other pertinent information. This was therefore not a case where there was only vague speculation about Indian heritage. Rather there was solid information regarding direct tribal lineage. The Department argues that there was no information indicating that the mother herself was a tribal member; therefore the children could not be Indian children within the meaning of the ICWA. However, "[t]he Indian status of the child need not be certain to invoke the notice requirement." (In re Desiree F., supra, 83 Cal.App.4th at p. 471, 99 Cal.Rptr.2d 688; In re Kahlen W., supra, 233 Cal.App.3d at p. 1422, 285 Cal. Rptr. 507.) If the court has reason to believe the child may be an Indian child, the court must proceed as if the child is an Indian child, including compliance with the heightened standards of the ICWA for out-of-home placement or termination of parental rights. (Cal. Rules of Court, rule 1439(e); 25 U.S.C. § 1912(e).) At the very least, the court must make further inquiry to confirm the child's affiliation. (Cal. Rules of Court, rule 1439(e).)
Since the failure to give proper notice of a dependency proceeding to a tribe with which the dependent child may be affiliated forecloses participation by the tribe, notice requirements are strictly construed. (In re Desiree F., supra, 83 Cal. App.4th at pp. 474-75, 99 Cal.Rptr.2d 688.) Notice is "absolutely critical" under the ICWA. (In re Marinna J., supra, 90 Cal.App.4th at 738, 109 Cal.Rptr.2d 267.) Courts have held that without discharging their duty to provide the notice required under the ICWA, state courts do not have jurisdiction to proceed with the dependency proceedings. (In re Jonathan D., supra, 92 Cal.App.4th at p. 110, 111 Cal. Rptr.2d 628; In re Desiree F., supra, 83 Cal.App.4th at pp. 474-475, 99 Cal.Rptr.2d 688.) Thus the failure to provide proper notice is prejudicial error requiring reversal and remand. (In re Marinna J., supra, 90 Cal.App.4th at p. 739, 109 Cal. Rptr.2d 267; In re Kahlen W., supra, 233 Cal.App.3d at p. 1424, 285 Cal.Rptr. 507.)

Waiver
The Department contends that by failing to raise the issue of compliance with the notice provisions of the Act during the juvenile court proceedings, the mother has waived her claim for purposes of this appeal. That is not the rule. The purposes of the notice requirements of the ICWA are to enable the tribe to determine whether the child is an Indian child and to advise the tribe of its right to intervene. The notice requirements serve the interests of the Indian tribes "irrespective of the position of the parents" and cannot be *827 waived by the parent. (In re Kahlen W., supra, 233 Cal.App.3d at p. 1421, 285 Cal. Rptr. 507.) If a tribe which may have an interest in a proceeding does not have notice of that proceeding, the tribe will be unable to assert its rights under the ICWA. A tribe may petition to invalidate an order where there are violations of the notice provisions of the ICWA. (In re Desiree F., supra, 83 Cal.App.4th 460, 99 Cal. Rptr.2d 688.) We therefore conclude, as did the court in In re Marinna J., that where the notice requirements of the ICWA are not complied with, such that the tribe does not receive notice of the pending proceedings, "the waiver doctrine cannot be invoked to bar consideration of the notice error on appeal." (In re Marinna J., supra, 90 Cal.App.4th at p. 739, 109 Cal.Rptr.2d 267.)
The Department relies on In re Riva M. (1991) 235 Cal.App.3d 403, 286 Cal.Rptr. 592, a case that we find distinguishable. In re Riva M. did not involve a failure to give notice to the tribe. In that case the children were enrolled tribal members, but the tribe had decided not to intervene. The juvenile court failed to apply the heightened standards of proof in making its findings terminating the parental rights of the father, but the Court of Appeal found that these errors were either waived or harmless. The father had raised no objection at the termination proceedings although all parties were well aware that the ICWA applied and in fact had previously stipulated to waive its requirements at the disposition hearing. Furthermore, the court found, the standard of proof requirements of the ICWA did not involve the "fundamental jurisdiction of the court to act" and could therefore be waived. (Id, at p. 412, 286 Cal.Rptr. 592.) Finally, the court found there was no reasonable probability the outcome would have been different in the absence of the error, as the evidence overwhelmingly supported termination of parental rights.
Here, on the other hand, the issue was a failure to initially give adequate notice to the tribe so that the tribe could investigate and identify the children and possibly intervene in the proceedings. Courts have held the failure to give notice in compliance with the federal statute affects the state court's jurisdiction to proceed with the dependency proceedings. (In re Desiree F., supra, 83 Cal.App.4th at pp. 474-475, 99 Cal.Rptr.2d 688; In re Jonathan D., supra, 92 Cal.App.4th at p. 110, 111 Cal.Rptr.2d 628.) Furthermore, unlike Riva M., this was not a case where there was overwhelming evidence supporting removal of the children from the mother's custody. Indeed the Department recommended family maintenance services, a recommendation supported by both parents.
We also find In re Pedro N. (1995) 35 Cal.App.4th 183, 41 Cal.Rptr.2d 819 to be distinguishable. In that case the court found issues regarding compliance with the ICWA at the dispositional hearing were waived as they were not asserted until the appeal from the orders terminating parental rights. Here the appeal from the dispositional orders is timely. We find no waiver.

DISPOSITION
The disposition orders of the juvenile court ordering out-of-home placement of the three children are reversed and the matter is remanded to the juvenile court with directions that the Department provide the pertinent tribe[s] with proper notice under the ICWA of the pending proceedings, and that the Department file proof of receipt of such notice by such tribe[s], along with a copy of the notice. If, after notice is properly given, no tribe *828 responds indicating that the children are Indian children within the meaning of the ICWA, the juvenile court shall then reinstate the dispositional orders. If the tribe determines that the children are Indian children, the juvenile court shall conduct the disposition hearing applying the provisions of the ICWA, Welfare and Institutions Code section 360.6, and rule 1439 of the California Rules of Court.
WE CONCUR: MIHARA and RUSHING, JJ.
NOTES
[1] Unspecified statutory references are to the Welfare and Institutions Code.