58 Cal.Rptr.3d 874 (2007)
150 Cal.App.4th 1152
In re AMBER F., a Person Coming Under the Juvenile Court Law.
Orange County Social Services Agency, Plaintiff and Respondent,
v.
Michelle F., Defendant and Appellant.
No. G037570.
Court of Appeal of California, Fourth District, Division Three.
May 16, 2007.
Michael D. Randall, under appointment by the Court of Appeal, for Defendant and Appellant.
Benjamin P. de Mayo, County Counsel, and Karen L. Christensen and Julie J. Agin, Deputy County Counsel, for Plaintiff and Respondent.

*875 OPINION
SILLS, P.J.
After reversal and remand by this court for defective notice under the Indian Child Welfare Act (25 U.S.C.A. § 1901 et seq.) (ICWA), the juvenile court found proper ICWA notice had been given and reinstated its previous orders terminating Michelle F.'s parental rights to her daughter, Amber. Although Michelle made no objection below, she appeals from the reinstated order, claiming there were additional errors in the ICWA notice. We find she has forfeited her right to appeal and affirm.

FACTS
Seven-month-old Amber F. was taken into protective custody in December 2000 when her mother, Michelle F., was arrested for drug use. Amber was placed in a foster home, where she thrived. After 18 months of reunification services, Amber was released to Michelle's custody, and jurisdiction was terminated in March 2003. Two months later, however, Michelle was arrested again for being under the influence of illegal drugs. The Orange County Social Services Agency (SSA) filed a new dependency petition, and Amber was again placed with her foster parents. At the jurisdiction hearing in August 2003, SSA noted that Amber had possible Sioux and Cherokee heritage from the father and submitted notices it had sent pursuant to ICWA. The juvenile court found the notices to be proper.
Michelle participated in another 18 months of reunification services, but she was arrested on drug charges shortly before the 18-month review hearing. The juvenile court terminated reunification services and scheduled a hearing to terminate parental rights. The foster parents were willing to adopt Amber, and in May 2005 parental rights were terminated.
Michelle `appealed, claiming the ICWA notice failed to conform to the court rules and federal regulations. SSA conceded the errors, and we reversed and remanded for the juvenile court to "direct SSA to comply with the ICWA notice provisions. If it is determined that Amber is not an Indian child after proper ICWA notice is given, the juvenile court shall reinstate the order terminating parental rights." (In re Amber F., 2006 WL 226558 (G035744, January 31, 2006) [nonpub. opn.].)
In February, 2006, the juvenile court directed SSA to give ICWA notice and set an ICWA notice review hearing. In April, the parties stipulated that "SSA to re-send all ICWA notices for next date after reinterviewing parents for thorough information for notices." The ICWA notice documentation was submitted to the court at a series of notice review hearings during May, June, July and August. At the final notice review hearing on August 29, 2006, the juvenile court stated it had received all the ICWA documentation and asked counsel, "Did you have any argument you wish to make regarding whether or not notice has been provided, as required by law?" All counsel, including counsel for Michelle F., responded in the negative. The court found that ICWA did not apply and reinstated its previous order terminating Michelle's parental rights. Michelle filed a timely notice of appeal.

DISCUSSION
On appeal, Michelle points out several errors in the second set of ICWA notices, which were sent to approximately 20 tribes: SSA sent notice to the Catawba tribe in the first set of notices but not in the second set. No answer was received from the Oglala Sioux tribe; although notice was addressed to the "ICWA Administrator," it was sent to the post office box of the tribal president. SSA submitted the incoming mail log for the Assiniboine and Sioux tribe to show the tribe had received *876 the ICWA notice rather than a formal answer from the tribe; the notice was addressed to the "ICWA Representative" rather than the tribe's chairman, who was the designated agent for service of process. The remaining 15 Sioux tribes and the 3 Cherokee tribes all responded and denied Amber tribal eligibility. But Michelle claims SSA provided the tribes with the wrong birth date for the father. There were three dates listed in SSA's reportsJuly 7, 1979; July 9, 1979; and August 7, 1979; the date on the ICWA notices was July 7, 1979.[1]
Without deciding whether the ICWA notice here substantially complied with the statute, we take note of a few settled principles: ICWA notices are strictly construed. (In re Samuel P. (2002) 99 Cal.App.4th 1259, 1267, 121 Cal. Rptr.2d 820.) Generally, defective notice is prejudicial and requires reversal. (In re Nikki R. (2003) 106 Cal.App.4th 844, 850, 131 Cal.Rptr.2d 256.) Because the right to notice belongs to the Indian tribes, a parent can raise the defect on appeal notwithstanding his or her failure to raise it below. "[I]t would be contrary to the terms of the [ICWA] to conclude ... that parental inaction could excuse the failure of the juvenile court to ensure that notice under the [ICWA] was provided to the Indian tribe named in the proceeding." (In re Marinna J. (2001) 90 Cal.App.4th 731, 739, 109 Cal.Rptr.2d 267.)
Balancing Amber's interest in permanency and stability against the tribes' rights under ICWA requires a different result in this case. The case was remanded for the sole purpose of correcting defective ICWA notice, and Michelle had multiple opportunities to examine the notice documents. Had she brought the errors she now asserts to the juvenile court's attention, it could have dealt with them appropriately. She did not. At this juncture, allowing Michelle to raise these issues on appeal for the first time opens the door to gamesmanship, a practice that is particularly reprehensible in the juvenile dependency arena.
An almost identical situation was confronted in In re X.V. (2005) 132 Cal. App.4th 794, 33 Cal.Rptr.3d 893. There, the juvenile court terminated parental rights to X.V. and selected adoption as the permanent plan. The mother appealed on the grounds that proper ICWA notice had not been given. The parties stipulated to reversal, and the appellate court conditionally reversed the judgment, instructing the juvenile court to "direct the Agency to provide proper ICWA notice to the [Bureau of Indian Affairs] and any appropriate tribes" and to "reinstate the judgment if, after receiving notice, no tribe intervened." (Id. at p. 799, 33 Cal.Rptr.3d 893.) On remand, the juvenile court noticed a hearing to review the second set of notices and found notice had been properly given and ICWA did not apply. The court asked whether there was any objection to the findings; the mother had no objection and the father said nothing. After the previous judgment terminating parental rights was reinstated, both parents appealed, raising irregularities in the ICWA notices.
The appellate court found the parents had forfeited a second appeal to challenge ICWA notice defects. "We are mindful that the ICWA is to be construed broadly [citation], but we are unwilling to further prolong the proceedings for another round of ICWA notices, to which the parents may again object on appeal. As a matter of *877 respect for the children involved and the judicial system, as well as common sense, it is incumbent on parents on remand to assist the Agency in ensuring proper notice is given.... We do not believe Congress anticipated or intended to require successive or serial appeals challenging ICWA notices for the first time on appeal." (In re X.V., supra, 132 Cal.App.4th at p. 804, 33 Cal.Rptr.3d 893.)
We wholeheartedly embrace the holding and reasoning of X.V. Here, Michelle had ample opportunity to review and correct the many documents involved in the second round of notices. Having failed to object to errors below, she has forfeited her right to do so on appeal.

DISPOSITION
The judgment terminating parental rights is affirmed.
WE CONCUR: RYLAARSDAM and FYBEL, JJ.
NOTES
[1] SSA requests judicial notice of post-judgment documents received from the Assiniboine & Sioux tribe and a minute order from the juvenile court. Because our resolution of this appeal does not turn on the substance of the alleged errors in the ICWA notices, judicial notice is unnecessary. The request is denied.