Filed 10/10/13; pub. order 11/5/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Guardianship of the Person of D.W., a Minor. | |
| J.G.,<br><br>　　　　Petitioner and Respondent,<br><br>v.<br><br>D.W.,<br><br>　　　　Objector and Appellant. | A136982<br><br>(Sonoma County<br>Super. Ct. No. SPR-84391) |

## I.

## INTRODUCTION

Appellant D.W., proceeding in propria persona, appeals after respondent J.G. was appointed guardian of appellant's six-year-old grandson, D.W. (the minor). She contends the court failed to comply with the inquiry and notice requirements of the federal Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq. (ICWA)). The Karuk Tribe of California (the Tribe), a federally recognized Indian tribe (65 Fed.Reg. 13298 (Mar. 13, 2000)), has exercised its right to intervene in this matter in support of appellant's position.[1] (See 25 U.S.C. § 1911; California Rules of Court, rule 5.482(e).[2]) We agree

---

[1] On July 17, 2013, the Tribe filed a motion requesting this court to invalidate the underlying guardianship proceeding and remand the matter for proceedings in compliance with the ICWA. This court issued an order on July 29, 2013, indicating that the Tribe's motion would be considered with the merits of this appeal. (Ruvolo, P.J.)

1

with appellant and the Tribe that the inquiry and notice conducted by the court was not in compliance with the requirements of the ICWA. Consequently, we reverse and remand for further proceedings.

## II.

## FACTS AND PROCEDURAL HISTORY

Because the issues on appeal relate solely to ICWA compliance, we will restrict our statement of facts to those bearing on the adequacy of the ICWA notice.

On or about February 22, 2012, respondent, the minor's maternal aunt, filed a petition for appointment of guardian and a petition for appointment of temporary guardian. The court granted respondent's petition for appointment of temporary guardian on or about February 28, 2012. Letters of temporary guardianship were issued the same day. Respondent does not claim any Indian heritage.

The record contains appellant's handwritten objections to the petition for appointment of guardian of the person filed on March 16, 2012. Appellant describes herself as the minor's paternal "Grandmother & Indian Custodial Appointed Caretaker." In stating the reasons for her objection, appellant invoked the "I.C.W.A." explaining she is a "Native American of a Recognized Yurok Tribe . . . ." She claimed to "have cared for [the minor] over 4 1/2 years of his life . . . . I am requesting [the minor] be returned to his Native Home."

The courtroom minutes from June 22, 2012, indicate that the court decided to bifurcate the issue of the minor's ICWA status to be heard on August 17, 2012. The minutes also indicate that the court assigned appellant, the minor's paternal grandmother and objecting party to the proposed guardianship, the task of notifying the Indian tribes of respondent's pending guardianship petition and providing proof of service to the court. Respondent's temporary guardianship was extended until August 17, 2012.

---

[2] All further rule references are to the California Rules of Court unless other stated.

The reporter's transcript of the ICWA compliance proceeding held on August 17, 2012, indicates the court had before it some type of document indicating the minor was not eligible for enrollment in the Yurok Tribe, which led the court to rule ICWA did not apply to the present action.[3] However, appellant was present and pointed out that the Karuk Tribe had not been properly notified. The Karuk Tribe is a federally recognized Indian tribe, independent from other federally recognized tribes, and different than the Yurok Tribe.

Appellant stated, "It shows on record in all the statements that I made to every hearing, that I addressed that the [the minor] is a potential member of the Yurok and Karuk tribe [*sic*]. I found out from the Karuk tribe that they were not contacted . . . . [¶] And I contacted them . . . ," and they said that they would be responding to his potential application as a member. The record contains a letter from the Karuk Tribe dated August 17, 2012, "To Whom It May Concern," indicating the minor's request for "possible potential membership" in the tribe was currently being processed. The court indicated that the matter should proceed without any further delay. When appellant asked the court if the Karuk Tribe could intervene in the future, the court indicated, "I will cross that bridge when I come to it."

After a contested hearing on September 25, 2012, the court granted respondent's request to be appointed the minor's permanent guardian. During the hearing, appellant requested "that the Karuk [T]ribe be allowed to intervene." When the court pointed out that the Tribe had not taken any steps to intervene, appellant replied that the Tribe had not yet received the records it requested. The court indicated the matter was closed, stating, "[t]he ship has sailed on the issue of ICWA." Appellant filed a timely appeal from the orders entered on September 25, 2012.

While this matter was pending on appeal, the Tribe intervened and filed an "Intervenor's [*sic*] Brief" in support of appellant's position on appeal. The Tribe's intervener's brief states: "The lack of notice and inquiry violated ICWA and state law,

_____

[3] The document is not included as part of the record on appeal.

resulting in the Tribe's inability to participate in the underlying action. As such, the underlying Guardianship Order must be invalidated." Appended to the brief is a declaration executed under the penalty of perjury by the enrollment officer for the Tribe confirming that the minor is an "enrolled descendant member of the Karuk Tribe."[4] We have been informed that all proceedings in the trial court have been stayed pending the outcome of this appeal.

## III.

## DISCUSSION

### A. Timeliness of Appeal

Proceeding in propria persona, appellant's sole contention on appeal is that the court failed to comply with the notice provisions of the ICWA and that this failure invalidates the orders issued on respondent's guardianship petition. Appellant's position derives substantial support from the Tribe's intervener's brief filed in this matter. Respondent does not address the contentions made regarding ICWA compliance. Instead, she claims appellant has forfeited her right to challenge any defects in ICWA notice by failing to file a timely appeal. We first address respondent's forfeiture claim.

Respondent contends that we lack jurisdiction to consider appellant's appeal because appellant did not timely appeal from the juvenile court's determination made on August 17, 2012, that the ICWA does not apply in this matter. Instead, appellant filed an appeal from the September 25, 2012 decision of the trial court granting respondent's petition to be the minor's guardian. Respondent argues: "Since the trial court's order regarding the application of the ICWA and the right of intervention, the essential gravamen of [a]ppellant's appeal, was made on August 17, 2012," thus appellant's appeal

---

[4] Whether the minor actually is an Indian child is a question that must be answered by the Tribe. (*In re Junious M.* (1983) 144 Cal.App.3d 786, 792, 794.) " 'A tribe's determination that the child is or is not a member of or eligible for membership in the tribe is conclusive.' [Citation.]" (*Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 255 (*Dwayne P.*).)

4

"was untimely because it was not filed until October 23, 2012 . . . more than sixty days after the trial court's minute order of August 17, 2012."[5]

Contrary to respondent's argument, the court's ICWA determination was not immediately appealable because further judicial action was required on the matter dealt with by the order. As explained by *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296 (*San Joaquin County*), "[i]f an order is ' "important and essential to the correct determination of the main issue" ' and ' "a necessary step to that end," ' " it is not immediately appealable because further judicial action is required before all of the rights of the parties can be determined. (*Id.* at p. 300.) Put another way, an order can be considered immediately appealable as a "collateral" order if it does not involve or affect the determination of the merits of the main action. (See *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 904 [an order is collateral when "appellate review . . . can be accomplished without implicating the merits of the underlying controversy"].)

In this case, the court's determination that the ICWA did not apply cannot be considered collateral to its decision to appoint respondent as the minor's guardian. Had the court found the ICWA applicable, it would have used the ICWA's more stringent standards in making its ruling on respondent's guardianship petition. (See, e.g., Welf. & Inst. Code, § 361.7, subd. (c) [guardianship may not be ordered "in the absence of a determination, supported by clear and convincing evidence . . . that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child"].) The guardianship hearing was conducted without these protections. Therefore, the court's ICWA determination provided "a necessary step" for the trial court's ruling ordering the guardianship. Consequently, it cannot be considered

---

[5] On July 8, 2013, respondent filed a motion to dismiss this appeal advancing the identical argument. Opposition to this motion was filed by appellant on July 23, 2013, and the Tribe on July 25, 2013. On July 29, 2013, this court entered an order indicating that respondent's motion to dismiss would be considered with the appeal. (Order, Ruvolo, P.J.)

collateral to the general subject matter of the litigation.  (*San Joaquin County*, *supra*, 163 Cal.App.4th at p. 300.)  Therefore, contrary to respondent's argument, the ICWA notice issue was preserved for review, even though the appeal was taken from the order granting respondent's request to become the minor's guardian.  Accordingly, we deny respondent's motion to dismiss this appeal.

Furthermore, even assuming arguendo appellant's notice of appeal was untimely, there has been no forfeiture of the Tribe's ability to contest the court's noncompliance with the ICWA.  "The purposes of the notice requirements of the ICWA are to enable the tribe to determine whether the child is an Indian child and to advise the tribe of its right to intervene.  The notice requirements serve the interests of the Indian tribes 'irrespective of the position of the parents' and cannot be waived [or forfeited] by the parent."  (*In re Samuel P.* (2002) 99 Cal.App.4th 1259, 1267.)  Based on this reasoning, numerous courts have concluded that parents cannot properly be deemed to have waived the tribe's rights under the ICWA.  (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 (*Desiree F.*) ["[t]here is nothing either in the ICWA or the case law interpreting it which enables anyone to waive the tribe's right to notice and right to intervene in child custody matters"]; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1408 (*Antoinette S.*) [" 'Because the notice requirement is intended, in part, to protect the interests of Indian tribes, it cannot be waived by the parents' failure to raise it' "]; *In re Nikki R.* (2003) 106 Cal.App.4th 844, 849 (*Nikki R.*) ["[c]ase law is clear that the issue of ICWA notice is not waived by the parent's failure to first raise it in the trial court"].)  The *Nikki R.* court clarified:  "The notice requirement is designed to protect the interests of the tribe; to the extent a notice defect impairs the tribe's ability to participate, another party cannot waive it."  (*Ibid.*)

## B.  ICWA Notice Requirements

The purpose of the ICWA is, of course, to "protect the best interests of Indian children and to promote the stability and security of Indian tribes and families."  (25 U.S.C. § 1902; *In re Karla C.* (2003) 113 Cal.App.4th 166, 173-174.)  "The ICWA presumes it is in the best interests of the child to retain tribal ties and cultural heritage and

6

in the interest of the tribe to preserve its future generations, a most important resource. [Citation.]" (*Desiree F.*, *supra*, 83 Cal.App.4th at p. 469.) The provisions of the ICWA, which are said to be the highest standard of protection for Indian children, apply to guardianship proceedings in this state. (Prob. Code, § 1459.5, subd. (a)(1); rule 7.1015(b)(1)(A).)

Among other things, the ICWA requires proper notice before a court may place an Indian child in a foster home or under a legal guardianship. Where the court knows or has reason to know that an Indian child is involved, notice must be given to the child's Indian tribe, or if the tribe is unknown, the Bureau of Indian Affairs, of the pending proceedings and the tribe's right to intervene. (25 U.S.C. § 1912(a); see *Samuel P.*, *supra*, 99 Cal.App.4th at p. 1265.) The Indian status of the child need not be certain in order to trigger the notice requirement. (*In re Jonathan D.* (2001) 92 Cal.App.4th 105, 110.)

In a guardianship proceeding, it is the petitioner's burden, if represented by counsel, to provide proper notice to the tribes. (Rule 7.1015(c)(3).) If not represented, it is the clerk of the court's responsibility to give notice. (Rule 7.1015(c)(4).) Although the court may assign the inquiry provisions to certain parties, the person objecting to the guardianship petition is not one of the designated parties. (Rule 7.1015(d)(5), (6).) Because the failure to give proper notice forecloses participation by interested Indian tribes, the ICWA notice requirements are strictly construed. (*Desiree F.*, *supra*, 83 Cal.App.4th at pp. 474-475.)

The ICWA confers on tribes the right to intervene at any point in a court proceeding, including on appeal. (25 U.S.C. § 1911(c); see also Prob. Code, § 1459.5, subd. (b); rule 5.482(e).) However, a tribe's right to intervene in the proceedings is meaningless if it has not received notice of the pending action. (*Dwayne P.*, *supra*, 103 Cal.App.4th at p. 253.)

### C. ICWA Notice Was Insufficient

Appellant, joined by the Tribe, contends the notice provided to the Tribe was insufficient to satisfy the ICWA. Using a de novo standard of review, we agree.

(*Dwayne P.*, *supra*, 103 Cal.App.4th at p. 254 [where facts undisputed, "we review independently" whether the ICWA notice was sufficient].)

The record in the present case discloses that from the outset of these proceedings until respondent was appointed the minor's guardian, appellant consistently informed the court that the minor had Indian ancestry, and that his father was an enrolled member of the Yurok or Karuk tribes. "Because 'biological descendance' is often a prerequisite for tribal membership . . . [a relative's] suggestion that [the child] 'might' be an Indian child [is] enough" to satisfy the minimal showing required to trigger the statutory notice provisions. (*Antoinette S.*, *supra*, 104 Cal.App.4th at p. 1408, fn. omitted.) In carrying out its obligation under the ICWA to provide notice, the court incorrectly assigned appellant, the party objecting to the guardianship, the responsibility of providing notice to the possible Indian tribes.

By the time of the contested hearing on respondent's guardianship petition, the Yurok Tribe had completed its investigation and found the minor was not eligible for enrollment. However, appellant had a letter from the Karuk Tribe, indicating that the minor was potentially affiliated with the Tribe and that the matter was currently under investigation. Rather than waiting for the results of that investigation for at least 60 days, as required by the rule 7.1015(c)(9), the court proceeded with the guardianship proceeding as if the minor was not an Indian child, granted respondent's guardianship petition, and placed the minor in respondent's care.

While the matter was pending on appeal, the Tribe intervened, indicating the minor is an Indian child, requesting that the guardianship order be vacated and proceedings consistent with the ICWA be conducted. In light of the foregoing—and the fact that respondent essentially concedes the ICWA notice requirements were not satisfied in this case—we are compelled to reverse the orders entered in this guardianship proceeding, and to remand for compliance with the requirements of the ICWA and applicable state law.

8

## IV.

## DISPOSITION

The order entered on September 25, 2012, establishing the guardianship is reversed. Because the Tribe has determined the minor is an Indian child, the court shall conduct a new guardianship hearing with respect to the minor in conformity with the ICWA and applicable state law. Appellant is awarded her costs on appeal.

_____

RUVOLO, P. J.

We concur:

_____

REARDON, J.

_____

HUMES, J.

**CALIFORNIA COURT OF APPEAL**
**FIRST APPELLATE DISTRICT**
**DIVISION FOUR**


GUARDIANSHIP OF THE PERSON OF D. W., A MINOR.
J. G.
v.
D. W.

A136982
Sonoma County
Sup. Ct. No. SPR84391

BY THE COURT:

      The request filed on October 30, 2013 by intervenor, the Karuk Tribe, that this court's October 10, 2013 opinion be certified for publication is granted. The Reporter of Decisions is directed to publish said opinion in the Official Reports.


                      _____Ruvolo_____P. J.

Trial Court:                                  Sonoma County Superior Court

Trial Judge:                                Hon. James G. Bertoli

Counsel for Objector and Appellant:    D.W. in Propria Persona

Counsel for Petitioner and Respondent:  Law Office of Richard Sax,
Richard Sax

Counsel for Intervener:                  California Indian Legal Services,
Nicholas Mazanec