Filed 9/15/14  In re K.F. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.F., a Person Coming Under the Juvenile Court Law. | H040807<br>(Santa Clara County<br>Super. Ct. No. JD22317) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>K.S.,<br><br>　　　　Defendant and Appellant. | |

Appellant is the mother of a dependent child, K.F.  On appeal, Mother asserts the juvenile court committed reversible error, because it failed to comply with the notice requirements set forth in the Indian Child Welfare Act, 25 U.S.C. section 1901, et seq. (ICWA).  Specifically, Mother asserts the court erred by failing to wait the required 10 days after the tribes had received notice before making its jurisdictional and dispositional findings in this case.

On January 14, 2014, a petition was filed by the Santa Clara County Department of Family and Children's Services (Department) pursuant to Welfare and Institutions Code[2] section 300, subdivisions (a), (b) and (c) on behalf of K.F., who was 14 years old at the time. There was an Indian Child Inquiry Attachment to the petition stating that K.F. might have Indian ancestry.

At the detention hearing on January 15, 2014, the court found that the ICWA might apply and that notice to the relevant tribes must be sent. The ICWA notice of Child Custody Proceedings for Indian Child was filed by the Department on February 11, 2014. The ICWA notice was sent registered or certified mail to the relevant tribes on February 11, 2014.

At the February 18, 2014 jurisdiction hearing, the court made the following statement with regard to the ICWA applicability: "I appreciate it's a little short, but I don't have reason to believe that his child is Native American or will be found such by the tribes. Obviously, if they decide she's Native American, I can make that finding. It doesn't make much sense to delay it when we have just a wisp of a belief that the family has heritage."

At the conclusion of the hearing, the court sustained the petition and found the allegations in the petition were true. The court found K.F. was a person described by section 300, subdivisions (a), (b) and (c). The court also found that notice under the ICWA had been given as provided by law.

An interim review hearing was held on April 29, 2014. At this hearing, the Department presented its interim report following receipt of information from all relevant

---

[1] The underlying facts that gave rise to the dependency petition are omitted because they are not relevant to the issue on appeal.

[2] All further unspecified statutory references are to Welfare and Institutions Code.

2

tribes that there was no evidence that K.F. had Indian ancestry. The court found that the ICWA did not apply to K.F.[3]

Mother filed a notice of appeal on March 13, 2014.

### DISCUSSION

The sole issue on appeal is Mother's assertion that the juvenile court erred by failing to comply with the notice provisions of the ICWA, because it took jurisdiction over K.F. before the relevant Indian tribes had 10 days notice of K.F.'s potential Indian ancestry.

Regarding notice to the relevant tribes, the ICWA provides: "No proceeding shall be held until at least 10 days after receipt of notice by the parent, Indian custodian, the tribe, or the Bureau of Indian Affairs, except for the detention hearing, provided that notice of the detention hearing shall be given as soon as possible after the filing of the petition initiating the proceeding and proof of the notice is filed with the court within 10 days after the filing of the petition." (§ 224.2, subd. (d); see 25 U.S.C. § 1912(a).) Upon request, the Indian child's tribe must be granted up to 20 additional days to prepare for such proceeding. (*Ibid*.) An Indian child's tribe has "the right to intervene at any point in an Indian child custody proceeding." (§ 224.4; see 25 U.S.C. § 1911(c).)

"If proper and adequate notice has been provided pursuant to Section 224.2, and neither a tribe nor the Bureau of Indian Affairs has provided a determinative response within 60 days after receiving that notice, the court may determine that the [ICWA] does not apply to the proceedings, provided that the court shall reverse its determination of the inapplicability of the [ICWA] and apply the act prospectively if a tribe or the Bureau of Indian Affairs subsequently confirms that the child is an Indian child." (§ 224.3, subd. (e)(3).) State court proceedings involving an Indian child may be invalidated if the

---

[3] The information regarding the interim review hearing was filed with the court in conjunction with a request for judicial notice from Respondent.

Department fails to comply with the ICWA notice provisions. (See § 224, subd. (e); 25 U.S.C. §§ 1912, 1914.) "The purpose of giving notice is not ritual adherence to the statute but to make it possible for Indian parents, custodians, and tribes to exercise their right of intervention guaranteed by the ICWA. ([25 U.S.C.] § 1911(c).)" (*In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1414, fn. 4.) "One of the purposes of giving notice to the tribe is to enable it to determine whether the minor is an Indian child. (*In re D.T.* (2003) 113 Cal.App.4th 1449, 1455.)" (*In re Louis S.* (2004) 117 Cal.App.4th 622, 630.)

Here, the record demonstrates notice was sent to the relevant tribes on February 11, 2014. The record also demonstrates the court sustained the Department's petition On February 18, 2014, less than the required 10 days for the tribes to have received notice in violation of the ICWA.

Mother argues the violation of the ICWA in this case stripped the juvenile court of jurisdiction to sustain the petition, citing this court's decision in *In re Samuel P.* (2002) 99 Cal.App.4th 1259 (*Samuel P.*). In *Samuel P.*, this court stated: " 'Notice is a key component of the congressional goal to protect and preserve Indian tribes and Indian families. Notice ensures the tribe will be afforded the opportunity to assert its rights under the Act irrespective of the position of the parents, Indian custodian or state agencies.' (*In re Kahlen W.* [(1991)] 233 Cal.App.3d 1414, 1421.)" (*Id.* at p. 1265.)

However, subsequent cases have held that some notice errors under the ICWA do not deprive the juvenile court of jurisdiction (See *In re Antoinette S., supra,* 104 Cal.App.4th 1401 [violation of ICWA notice provision by failure to wait 10 days for return receipt is not jurisdictional and is harmless error when additional evidence submitted on appeal shows no Indian heritage for child could be traced by Bureau of Indian Affairs].)

4

The present case is not at all like *Samuel P.*,where the initial inquiry was minimal and incomplete even in the face of substantial detailed information concerning Indian ancestry. The augmented record in this case shows that notice was sent to all of the relevant tribes and the Bureau of Indian Affairs. Moreover, the tribes have responded and declared the child not an Indian child. As we explained in *Samuel P.,* "The failure to comply with the notice requirements of the ICWA constitutes prejudicial error unless the tribe has participated in or indicated no interest in the proceedings. [Citations.]" (*Samuel P.*, *supra*, 99 Cal.App.4th at p. 1265.)

While the court in this case did not wait the requisite 10 days from the time the tribes received notice before sustaining the petition in this case, any error was harmless. All of the relevant tribes and the BIA have stated that K.F. is not an Indian Child.

### DISPOSITION

The appealed order is affirmed.

_____
                        RUSHING, P.J.


WE CONCUR:


_____
        PREMO, J.


_____
        ELIA, J.

6