Filed 7/21/15  In re S.T. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re S.T., A Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU, Plaintiff and Respondent, v. K.B. et al., Defendant and Appellant. | A144447 (Contra Costa County Super. Ct. No. J1300331) |

K.B. (Mother) and D.T. (Father) appeal from the juvenile court's order of legal guardianship made at a hearing held pursuant to Welfare and Institutions Code Section 366.26 with respect to their daughter (S.T.).  The sole contention by both parents on appeal is that the juvenile court and the Contra Costa County Children and Family Services Bureau (Bureau) failed to comply with the mandates of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).  The Bureau concedes that ICWA was not properly complied with at the time of the hearing.  Because the parties agree that ICWA procedures were not followed, we conditionally reverse the order and remand the case for compliance with ICWA notice requirements.

1

## I. BACKGROUND

We summarize only those facts relevant to the ICWA claim raised on appeal.

The Bureau's initial Welfare and Institutions Code[1] section 300 petition, filed on March 15, 2013, noted that S.T. "may have Indian ancestry." At the detention hearing on March 18, 2013, at which Judge Baskin presided, Mother completed a Parental Notification of Indian Status form indicating she has Cherokee heritage. (See Judicial Council Forms, form ICWA-20.) Upon review of that form, the court asked Mother to "tell [him] more about that." Mother explained that her "mom's grandmother" was "full-blooded Cherokee Indian" and was "a card carrying member." Mother also said that her own mother (S.T.'s maternal grandmother and the person with whom S.T. was placed) would have any additional the information on the subject of S.T's Indian heritage. The court responded, "Okay. All right. Then that will be the order that I'm making today." On the written Findings and Orders After Detention Hearing form, a box was checked acknowledging that S.T. "may be [¶] an Indian child and the county agency must provide, as required by law, notice of the proceeding and of the tribe's right to intervene in the proceeding to all identified tribes and to the Bureau of Indian Affairs if the identify [*sic*] or location of a parent, an Indian custodian, or a tribe cannot be determined. Proof of such notice must be filed with this court." (See Judicial Council Forms, form JV-410, Item No. 18(a).) The court did not, however, make clear and explicit findings as to ICWA, or order the Bureau, on the record, to comply with ICWA notice procedures.

A second judge, Judge Haight, was assigned to the remainder of the case, except a May 7, 2013 jurisdictional hearing handled by a third judge, Judge Hardie, at which both parents pleaded no contest to an amended petition and agreed to participate in services. Judge Hardie did not address ICWA at the jurisdictional hearing. At the dispositional hearing on June 4, 2013, Judge Haight found S.T to be a dependent of the court, removed her from the custody of the parents, ordered out-of-home placement, and ordered reunification services for both Mother and Father. Without mentioning the ICWA

---

[1] Statutory references, unless otherwise indicated, are to the Welfare and Institutions Code.

2

inquiry by Judge Baskin at the detention hearing, a disposition report filed by the Bureau on June 4, 2013 stated that ICWA did not apply. There is no indication that Judge Haight addressed ICWA or the need to comply with its notice procedures. Nor is there any indication that the Bureau made any attempt to follow up on the ICWA issue noted by Judge Baskin or had any basis for concluding that ICWA did not apply.

In May of 2014, the Bureau recommended that the court terminate reunification services and set a hearing pursuant to section 366.26 to determine a permanent plan for S.T. after attempts at reunification proved to be unsuccessful. On June 26, 2014, the juvenile court terminated reunification services for both parents and set a hearing pursuant to section 366.26 for October 23, 2014. In the report the Bureau prepared for the section 366.26 hearing, it recommended that S.T.'s maternal grandparents, with whom she had been living for nearly two years, should become her legal guardians. After several continuances, the section 366.26 hearing was held in two sessions, with Judge Haight presiding, commencing on December 17, 2014, and concluding on February 19, 2015. Neither the court nor the parties raised the issue of ICWA notice during the course of the section 366.26 hearing. At the conclusion of the hearing, Judge Haight adopted the Bureau's recommendation and appointed S.T.'s maternal grandparents to be her legal guardians.

On February 24, 2015, both parents filed a Notice of Appeal. In separate briefs, each argued that the juvenile court and the Bureau failed to comply with the notice requirements of ICWA. In response, the Bureau filed a letter brief conceding that it failed to comply with ICWA. The Bureau also indicated that since the section 366.26 hearing, notice had been sent to "the various tribes in compliance with [ICWA] and a hearing has been set for July 9, 2015 to review their responses." In turn, the Bureau agreed that the case should be conditionally reversed for the limited purpose of compliance with ICWA.

## II. DISCUSSION

ICWA provides that "[i]n any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the

foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912.) "The ICWA is designed to protect the interests of Indian children, and to promote the stability and security of Indian tribes and families. It sets forth the manner in which a tribe may obtain jurisdiction over proceedings involving the custody of an Indian child, and the manner in which a tribe may intervene in state court proceedings involving child custody. When the dependency court has reason to believe a child is an Indian child within the meaning of [ICWA], notice on a prescribed form must be given to the proper tribe or to the Bureau of Indian Affairs, and the notice must be sent by registered mail, return receipt requested." (*In re Elizabeth W.* (2004) 120 Cal.App.4th 900, 906.)

Although ICWA itself does not expressly mandate that a court inquire into Indian ancestry, California law imposes on county welfare departments and the juvenile court "an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 is to be, or has been, filed is or may be an Indian child in all dependency proceedings and in any juvenile wardship proceedings if the child is at risk of entering foster care or is in foster care." (§ 224.3, subd. (a).) A California court must order the parents to fill out a Parental Notification of Indian Status form (ICWA-020) at the first appearance by the parent in a section 300 proceeding. (Cal. Rules of Court, rules 5.480, 5.481(a)(2).) To the extent the California statutes provide greater protection for the parents or the tribe of an Indian child than ICWA itself, the California provisions control. (§ 224, subd. (d).)

Under section 224.2, subdivision (a), "If the court, a social worker, or probation officer knows or has reason to know that an Indian child is involved, any notice sent in an Indian child custody proceeding under this code shall be sent to the minor's parents or legal guardian, Indian custodian, if any, and the minor's tribe . . . ." An "Indian child custody proceeding" includes a proceeding for guardianship placement. (§ 224.1, subd. (d).) Because the Bureau in this case sought guardianship for S.T., the section 366.26 hearing was subject to the requirements of ICWA and corresponding California law.

4

Finally, "[t]o satisfy the notice provisions of the Act and to provide a proper record for the juvenile court and appellate courts, [a social service agency] should follow a two-step procedure. First, it should identify any possible tribal affiliations and send proper notice to those entities, return receipt requested. [Citation.] Second, [the agency] should provide to the juvenile court a copy of the notice sent and the return receipt, as well as any correspondence received from the Indian entity relevant to the minor's status. If the identity or location of the tribe cannot be determined, the same procedure should be used with respect to the notice to BIA [Bureau of Indian Affairs]." (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 739–740, fn. 4; accord, *In re I.W.* (2009) 180 Cal. App. 4th 1517, 1529; *In re Asia L.* (2003) 107 Cal.App.4th 498, 506–509; *In re H. A.* (2002) 103 Cal.App.4th 1206, 1214–1215; *In re Jennifer A.* (2002) 103 Cal.App.4th 692, 702–703.)

Although neither Mother or Father raised the ICWA issue at the section 366.26 hearing, we find no forfeiture of the issue here. "Case law is clear that the issue of ICWA notice is not waived by the parent's failure to first raise it in the trial court." (*In re Nikki R.* (2003) 106 Cal.App.4th 844, 849.) This is because the duty of ICWA inquiry is an affirmative one that lies with the court and the Bureau. (Cal. Rules of Court, rule 5.481(a).) Additionally, the notice requirements "serve the interests of the Indian tribes 'irrespective of the position of the parents' and cannot be waived by the parent." (*In re Samuel P.* (2002) 99 Cal.App.4th 1259, 1267.) When an inquiry uncovers Indian heritage, it is the Bureau's responsibility to then send notice to the appropriate tribal entities. (Cal. Rules of Court, rule 5.481(b).) "[F]ailure to provide proper notice is prejudicial error requiring reversal and remand." (*In re Samuel P.*, supra, 99 Cal.App.4th at p. 1267.) The Bureau concedes that the notice procedures of ICWA were not followed and the record here is consistent with that concession. We see no evidence that ICWA notice to specific tribes or the BIA generally was provided prior to entry of the guardianship order at the end of the section 366.26 hearing. Because the Bureau has agreed to a conditional reversal on the ICWA issue and has already begun to remedy the error by sending out ICWA notice, our inquiry ends where it began—with a reminder of what is needed to satisfy the notice requirements of ICWA in the first instance. We

5

conditionally reverse and remand for the limited purpose of ensuring compliance with ICWA.

## III. DISPOSITION

The juvenile court's order granting legal guardianship with respect to S.T. is conditionally reversed. The matter is remanded to the juvenile court with directions to proceed in compliance with the notice provisions of the ICWA and section 224.2, in accordance with this opinion. If, after receiving notice as required by the ICWA, no response is received from the Cherokee or other relevant tribes indicating that S.T. is an Indian child, or if the responses received indicate S.T. is not an Indian child within the meaning of ICWA, the order granting legal guardianship shall be reinstated and such further proceedings as are appropriate shall be conducted. If the Cherokee or other relevant tribes determine that S.T. is an Indian child within the meaning of the Act, the dependency court shall proceed accordingly.


_____
Streeter, J.


We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.

6