Filed 2/25/21  In re J.B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B306828 (Super. Ct. No. 19JV00324) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.E.,<br><br>    Defendant and Appellant. | |

    S.E. (mother) appeals the juvenile court's order terminating parental rights to her infant son, J.B.  (Welf. & Inst. Code, § 366.26.)[1]  She contends Santa Barbara County Department of Social Services (DSS) and the court failed to conduct a reasonable inquiry into father's possible Indian ancestry as required by the

_____

    [1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Indian Child Welfare Act (ICWA).  (25 U.S.C. § 1901 et seq.)  We agree.  Accordingly, we conditionally reverse the order and remand the matter to allow DSS and the court to fully comply with ICWA and related California law.

FACTS AND PROCEDURAL BACKGROUND

Mother gave birth to J.B. in August of 2019.  The child's father is J.B., Sr. (father).[2]  DSS petitioned for jurisdiction over J.B. based on mother's drug abuse during pregnancy and prior DSS involvement with her four older children.

Father denied Indian ancestry during his initial contact with DSS but stated at the detention hearing that his mother told him "there might be some [ancestry], but we have to do a search."  He completed a Parental Notification of Indian Status - Judicial Council Form (ICWA-020) after the hearing in which he listed possible Chumash ancestry.

A DSS case worker attempted to contact father about his ancestry by telephone on January 22, 2020.  The number father provided was no longer in service.  Father did not respond to an ICWA questionnaire mailed to him the next day.  DSS then served the Santa Ynez Band of Chumash Indians and the Bureau of Indian Affairs (BIA) with a Notice of Child Custody Proceedings (ICWA-030) on February 10, 2020.  The Notice did not include any information about father's biological parents, grandparents, or any other relative.  The Santa Ynez Band of Chumash Indians notified DSS by letter that J.B. was not an enrolled member nor eligible for enrollment.

The court determined at the six-month review that the ICWA did not apply to J.B.  Father's counsel did not object.  The

_____

[2] The petition initially identified J.B, Sr. as the alleged father.  The court identified him as J.B.'s biological father following DNA testing.

court terminated mother's and father's parental rights on June 4, 2020 and selected adoption as the permanent plan.  Mother appeals.

DISCUSSION

The only issue appealed by mother is whether DSS complied with ICWA's inquiry and notice requirements.  DSS and the juvenile court "have an affirmative and continuing duty to inquire" whether a minor subject to a section 300 petition may be an Indian child within the meaning of ICWA.  (§ 224.2, subd. (a).)  If DSS or the court knows or has reason to know that the minor is an Indian child, DSS must inquire into "the possible Indian status of the child, and shall make that inquiry as soon as practicable", by *"[i]nterviewing the parents*, *Indian custodian*, *and extended family members . . . ."*  (*Id.*, subd. (e)(2)(A), italics added.)  This includes contacting the BIA, Department of Social Services, tribes, and "any other person that may reasonably be expected to have information regarding the child's membership, citizenship status or eligibility."  (*Id.*, subd. (e)(2)(C).)

The object of the inquiry is to collect identifying information regarding the minor's ancestors.  (§ 224.3, subd. (a)(5)(C).)  ICWA-compliant notice of the juvenile dependency proceedings involving the minor must be sent to various parties, including any potentially affected Indian tribes.  (§§ 224.3, subd. (a)(3).)  This notice must include the identifying information described above.  (§ 224.3, subd. (a)(5).)  Federal law requires the notice to include "[a]ll names known (including maiden, married, and former names or aliases) of the parents, the parents' birthdates and birthplaces, and Tribal enrollment numbers if known" as well as "the names, birthdates, birthplaces, and Tribal enrollment information of other direct lineal ancestors of the child, such as grandparents," if known.  (25 C.F.R. § 23.111, subd. (d)(2)-(3); see *id.*, subd. (a).)

3

The parties appear to agree father provided sufficient information for DSS to have reason to know J.B. may be an Indian child, thereby triggering the heightened inquiry and notice requirements. (*In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1165; see *In re Andrew S.* (2016) 2 Cal.App.5th 536, 545, 547-548 (*Andrew S.*) [father's initial statement he might "have Indian ancestry on his father's side" was sufficient to trigger further inquiry].) The parties also agree DSS made *some* effort to comply with these requirements, including sending notices to the identified Indian tribes and telephoning father to obtain Indian ancestry information. The issue here is whether DSS's efforts were adequate. We review the juvenile court's finding regarding the adequacy of the ICWA inquiry and notice for substantial evidence.[3] (See *In re J.T.* (2007) 154 Cal.App.4th 986, 991.)

We conclude substantial evidence does not support a finding that DSS's inquiry was adequate. (See *In re Breanna S.* (2017) 8 Cal.App.5th 636, 652; *In re Michael V.* (2016) 3 Cal.App.5th 225, 235-236.) The record shows the only efforts to gather father's ancestry information are a case worker's attempt to call father on January 22, 2020 and the mailing of an ICWA-030 form the same day. This did not constitute a "meaningful investigation," a task especially crucial because of father's lack of response, likely due to his documented homelessness and drug abuse. (See *In re Andrew S.* (2016) 2 Cal.App.5th 536, 548 [child

---

[3] Father's failure to object in the juvenile court to the deficiencies in the ICWA investigation and noticing does not preclude review of the issue on appeal. (See *In re Marinna J.* (2001) 90 Cal.App.4th 731, 739 ["[W]here the notice requirements of [ICWA] were violated and the parents did not raise that claim in a timely fashion, the waiver doctrine cannot be invoked to bar consideration of the notice error on appeal"]; accord, *In re Samuel P.* (2002) 99 Cal.App.4th 1259, 1267-1268.)

protection agency failed to satisfy the duty of inquiry by failing to make any effort to contact siblings or other extended family members to substantiate the father's belief he may have Indian ancestry].)

DSS responds that any error was harmless because the Santa Ynez Band of Chumash Indians received notice and determined J.B. was not an enrolled member or eligible for enrollment. However, the notice does not appear complete. It includes basic identifying information for father but nothing regarding paternal grandparents or "their current and former addresses, birthdates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other identifying information, if known." (§ 224.3, subd. (a)(5)(C).) DSS may have discovered this information had it conducted a reasonable inquiry.

DISPOSITION

The order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for full compliance with the inquiry and notice provisions of ICWA and related California law. If, after proper inquiry, no additional information is uncovered, or if, after any necessary additional notice, no tribe intervenes, the order terminating parental rights shall be reinstated.

NOT TO BE PUBLISHED.


                                        PERREN, J.

We concur:


GILBERT, P. J.              TANGEMAN, J.

5

Arthur A. Garcia, Judge
Superior Court County of Santa Barbara

_____

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant S.E.

Michael C. Ghizzoni, County Counsel, Lisa A. Rothstein, Senior Deputy County Counsel, for Plaintiff and Respondent Santa Barbara County Department of Social Services