Filed 12/28/22  In re J.F. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.F. et al., Persons Coming Under the Juvenile Court Law. | B315332 (Los Angeles County Super. Ct. Nos. 21CCJP01991A-D, 21CCJP01994A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. MARCOS F., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Affirmed.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

In this consolidated appeal, Marcos F. (father) challenges the juvenile court's September 22, 2021 orders assuming dependency jurisdiction over his children, 14-year-old J., 12-year-old Marcos, eight-year-old Nathan, seven-year-old N., and two-year-old M., and removing them from his custody. Father's sole contentions are that the juvenile court and the Los Angeles County Department of Children and Family Services (the Department) failed to comply with the statutory duty of inquiry as to whether the children were Indian children within the meaning of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and applicable California law, and the juvenile court failed to make any ICWA findings at the September 22, 2021 adjudication hearing.

We affirm the juvenile court's orders.

## RELEVANT BACKGROUND

### Detention and Welfare & Institutions Code section 300 petition

The Department filed Welfare and Institutions Code section 300[1] petitions on behalf of the children on April 29, 2021, alleging that father had sexually abused J. and that the other children were at risk of harm.

Father was present at the May 4, 2021 detention hearing and filed an ICWA-020 form stating he may be a member or eligible for membership in the Yaqui Tribe. Father provided the name and telephone number of the paternal grandmother and indicated she may have further information concerning tribal

---

[1] All further statutory references are to the Welfare and Institutions Code, unless stated otherwise.

membership. Eugenia A., the mother of J., Marcos, Nathan, and N., submitted an ICWA-020 form stating that neither she nor the children were members of, or eligible for membership in any federally recognized Indian tribe; and none of Eugenia A.'s parents, grandparents, or lineal ancestors were members of a federally recognized tribe. M.'s mother, Y.C., submitted an ICWA-020 form indicating that she had no knowledge of any Indian ancestry.

The juvenile court found father to be the presumed father of all the subject children. The court acknowledged that father was claiming Yaqui Native American Indian heritage and ordered the Department to investigate the claim. The juvenile court found a prima facie case for detaining J., Marcos, Nathan, and N. from father and ordered them detained from father and released to their mother, Eugenia A. The court also found a prima facie case for detaining M. from father and ordered her released to her mother, Y.C.

**Jurisdiction, disposition, and attempted ICWA inquiry**

In its July 2021 jurisdiction/disposition reports, the Department recommended that J., Marcos, Nathan, N., and M. be declared dependent children and remain released to their respective mothers with family maintenance services. The Department reported that its investigation of father's claimed Indian heritage was ongoing and that an update would be provided in a last minute information for the court.

In a last minute information for the court documents filed on July 7, 2021, the Department reported that the social worker had contacted father by e-mail on June 23, 2021, and requested information regarding his claim of Indian ancestry. The social worker again attempted to contact father by telephone on July 1,

3

2021, but father had not responded. The social worker also contacted the paternal grandmother by telephone and left a voice mail message requesting further information, but there had been no response.

The Department filed another last minute information for the court in both M.'s and her older half-siblings' cases on September 22, 2021, stating that ICWA notices had not been sent because neither father nor the paternal grandmother had responded to the Department's requests for further information.

At the September 22, 2021 adjudication hearing, the juvenile court sustained amended section 300 petitions on behalf of M. and her older half-siblings, declared all the children dependents of the court, and ordered them removed from father's custody and placed with their respective mothers. ICWA was not mentioned during the adjudication hearing.

Father appeals from the juvenile court's September 22, 2021 orders.

**Subsequent proceedings**[2]

On March 18, 2022, the Department obtained an order authorizing the removal of M. from both Y.C. and father. On that same day, the Department filed a section 387 petition alleging that Y.C. had failed to comply with court orders by allowing father to reside in the home and to have unlimited access to M., placing the child at risk of harm. On March 23, 2022, the Department filed a section 342 petition alleging that father and

---

[2]    We grant the Department's request that we take judicial notice of, and receive as additional evidence, court documents from subsequent proceedings in both M.'s and her older half-siblings' dependency cases. (Code Civ. Proc., § 909; *In re Zeth S.* (2003) 31 Cal.4th 396, 405-406.)

4

Y.C. had a history of engaging in violent altercations in M.'s presence.

At the March 28, 2022 detention hearing on the section 387 petition, the juvenile court found that it had no reason to know M. was an Indian child and ordered her detained in shelter care. The court ordered father and Y.C. to keep their respective attorneys, the Department, and the juvenile court advised of any information relating to possible ICWA status.

On May 23, 2022, the juvenile court sustained the section 342 and section 387 petitions filed on M.'s behalf, declared M. a dependent child, and removed her from the custody of both parents.

On August 15, 2022, the juvenile court found that ICWA did not apply to J., Marcos, Nathan, and N. because "neither the court, the Department, nor any other party sought to have [the children] placed in foster care or pursued any placement other than with their mother."

## DISCUSSION

Father contends the September 22, 2021 orders must be reversed because (1) the juvenile court and the Department failed to discharge their statutory duty to conduct a more comprehensive inquiry as to whether the children are Indian children within the meaning of ICWA and applicable California law, and (2) the juvenile court failed to make any ICWA findings at the adjudication hearing. Where the facts are undisputed, we review these claims de novo (*Guardianship of D.W.* (2013) 221 Cal.App.4th 242, 250); where they are disputed, we review the juvenile court's ICWA findings for substantial evidence (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430).

5

ICWA was enacted to curtail "the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement." (*Mississippi Choctaw Indian Band v. Holyfield* (1989) 490 U.S. 30, 32.) Given this focus, ICWA only applies "'when child welfare authorities seek permanent foster care or termination of parental rights [leading to adoption].'" (*In re M.R.* (2017) 7 Cal.App.5th 886, 904-905; see *In re A.T.* (2021) 63 Cal.App.5th 267, 274; *In re Alexis H.* (2005) 132 Cal.App.4th 11, 14; see also 25 U.S.C. § 1912(a) [ICWA applies to an "involuntary proceeding" where the state is "seeking the foster care placement of, or termination of parental rights to, an Indian child"].) ICWA does not apply where those authorities seek to place the child with either of the child's parents, whether they be the custodial or noncustodial parent. (*In re A.T.*, at p. 274; *In re M.R.*, at p. 904; *In re J.B.* (2009) 178 Cal.App.4th 751, 758 ["Placement with a parent is *not* foster care" triggering ICWA].) ICWA does not apply in this case because at the time of the September 22, 2021 adjudication hearing, the Department did not seek to remove the children from their respective mother's custody but instead sought to place J., Marcos, Nathan, and N. with Eugenia A. and M. with Y.C.[3]

The juvenile court's failure to make any ICWA findings at the September 22, 2021 adjudication hearing, even if error, was harmless in any event, as the court subsequently made the

---

[3] ICWA subsequently became applicable to M.'s case when the Department filed section 342 and 387 petitions seeking to remove M. from both father's and Y.C.'s custody. The juvenile court's May 23, 2022 orders sustaining those petitions, ordering M. removed from parental custody, and placing her in foster care are not at issue in this appeal.

6

requisite findings. The juvenile court subsequently found on August 15, 2022, that ICWA did not apply to J., Marcos, Nathan, and N., because no party sought to have those children removed from their mother's custody. As to M., at the March 28, 2022 hearing at which M. was subsequently detained from both her parents, the juvenile court found that it had no reason to know M. was an Indian child. The court also advised both parents to keep their attorneys, the Department, and the court aware of any new information relating to possible ICWA status. Father makes no proffer on appeal that would contradict or undermine the juvenile court's findings. (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 786, review granted Sept. 8, 2022, S275578.) The record discloses no prejudicial error and no basis for remand.

## DISPOSITION

The September 22, 2021 jurisdictional and dispositional orders are affirmed.

_____
CHAVEZ, Acting P. J.

We concur:


_____          _____
HOFFSTADT, J.                              BENKE, J.*


_____

\*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.